UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| SHANE KERVIN, | ) |
|       Plaintiff | ) |
| v. | ) CAUSE NO. 4:09-CV-055 RM |
| TRACY BROWN, | ) |
|       Defendant | ) |

## OPINION AND ORDER

The defendant, by counsel, filed a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Citing Ashcroft v. Iqbal, 556 U.S. ___ 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) and other cases, the defendant asserts that,

> Mr. Kervin's complaint does not sufficiently articulate the contours of a claim which would permit a finder of fact to conclude that the treatment that Mr. Kervin received was such a departure from accepted standards as to constitute deliberate indifference. The complaint should, therefore, be dismissed.

DE 49 at 5.

Mr. Kervin initiated this lawsuit by filing a vague and confusing complaint which the court struck pursuant to Iqbal. Though he was granted leave to file an amended complaint, it appears that before he received this court's order striking his original complaint, he filed several documents which, pursuant to Erickson v. Pardus, 551 U.S. 89 (2007), the court liberally construed because he was (and still is) a *pro se* prisoner. One of the documents was accepted as a motion for a temporary restraining order and a preliminary injunction. The other was accepted as a complaint.

In this court's August 13, 2009 screening order, the court denied the temporary restraining order because Mr. Kervin had provided the court with too little evidence to order injunctive relief without hearing from the defendant. The motion for a preliminary injunction was taken under advisement and he was granted "leave to proceed against Sheriff Tracy Brown in his official capacity for injunctive relief related to his psychological and pain medications . . .." DE 8 at 3. Though all other claims were dismissed, the court explained that "Mr. Kervin alleges that Sheriff Tracy Brown is denying him psychological and pain medications that he needs. As a result, he seeks injunctive relief compelling that he receive those medications." Id. at 2.

Mr. Kervin then filed a proposed amended complaint. In denying him leave to amend, this court explained that, "Mr. Kervin is proceeding *in forma pauperis*, but only because he has presented a complaint alleging that he is in imminent danger of serious physical injury. In his proposed amended complaint, he tries to add claims that don't meet this heightened standard. This he cannot do . . .." DE 25 at 1-2.

> An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Kervin's current complaint makes such an allegation, so he was allowed to proceed on that claim for injunctive relief. Though the proposed amended complaint retains the same denial of medical treatment claim for which he alleges he is in imminent danger of serious physical injury, it also adds several others that don't not make such an allegation. Because 28 U.S.C. § 1915(g) mandates the court deny Mr. Kervin leave to proceed *in forma pauperis* on those claims for which he is not in imminent danger, it would be futile to permit this amendment. The court denies leave to amend his complaint and strikes the proposed amended complaint.

2

DE 25 at 3.

In denying the preliminary injunction motion, the court began by explaining that, "The case before the court is a very limited one. Mr. Kervin proceeds solely against Sheriff Tracy Brown in his official capacity for injunctive relief related to his psychological and pain medications. This case doesn't include any monetary damages claims for past events." DE 31 at 1. "Sheriff Brown is only here in his official capacity and it's not necessary to have multiple official capacity defendants (doctors, nurses, correctional officers, etc.) to reach the fundamental issue in this case: is Mr. Kervin constitutionally obligated to receive additional medical treatment?" Id. at 1-2. For the purpose of the preliminary injunction, the court found that Mr. Kervin hadn't presented any evidence that the medical care he was receiving was "outside of the range of accepted professional judgment, practice, or standards." Id. at 3. Finally, the court concluded by opining that

> At this stage of the proceeding, it appears exceedingly unlikely that Mr. Kervin will be able to prove his claim and succeed in obtaining a permanent injunction. It could be that this case will become moot when Mr. Kervin leaves the jail, or that the case will be resolved on a motion for summary judgment, but for now it will continue because the denial of the preliminary injunction is not itself a basis for dismissing this case.

Id.

Then this case was stayed pending the resolution of "one dispositive motion based on Plaintiff's failure to exhaust administrative remedies, Defendant's immunity, and the Complaint's failure to state a claim . . . ." DE 32 at 2. The court cautioned the defendant that if he did "not file a dispositive motion addressing those defenses by that deadline, these

3

defenses will be waived and forfeited." Because this motion addresses only the failure to state a claim, the defenses of exhaustion of administrative remedies and immunity are waived and forfeited.

The defendant's motion to dismiss argues that the complaint is insufficient to state a claim as required by Iqbal. Mr. Kervin's original complaint was reviewed in light of Iqbal and it was dismissed with leave to replead. Subsequent filings were also analyzed under the Iqbal standard, but because Mr. Kervin is a *pro se* prisoner, pursuant to Erickson, they were liberally construed and he was found to state a claim for injunctive relief to answer a single question: "is Mr. Kervin constitutionally obligated to receive additional medical treatment?" DE 31 at 1-2. For that reason, he was granted "leave to proceed against Sheriff Tracy Brown in his official capacity for injunctive relief related to his psychological and pain medications . . .." DE 8 at 3. Though based solely on Mr. Kervin's pleadings, the defendant might not have understood what claim he was being asked to defend, pursuant to 28 U.S.C. § 1915A, this court's orders have defined the nature and scope of Mr. Kervin's claims. Therefore the motion to dismiss will be denied.

The defendant notes that Mr. Kervin cited to several authorities as the basis for his claim that he is entitled to additional medical care. As previously explained in the screening order, "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right . . .." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). *See* DE 8 at 2. Therefore, he is not proceeding on a claim based on 210 IAC 3-1-11. Though the court didn't specify what constitutional right formed the basis

4

of the claim, the defendant accurately identifies that it is either the Eighth or Fourteenth Amendment depending on whether Mr. Kervin is serving a sentence following conviction or is a pretrial detainee. Because Mr. Kervin's status may change, the court has not specified, but "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. <u>Palmer v. Marion County</u>, 327 F.3d 588, 593 (7th Cir. 2003).

For the foregoing reasons, the court:

(1) DENIES the motion to dismiss; and

(2) STRIKES the defenses of exhaustion of administrative remedies and immunity because they have been waived and forfeited.

SO ORDERED.

ENTERED: November 2 , 2009

/s/ Robert L. Miller, Jr.<br>Chief Judge<br>United States District Court

cc: S. Kervin
   D. Masson